QUESTION:
May the North Broward Hospital District, as a special tax district of the state, invest funds, without limitation, in savings and loan association certificates of deposit beyond the 10 percent limit set forth in s. 215.47(2)(b), F. S., if said account is secured in the manner expressly authorized for bank certificates of deposit in s. 215.47(1)(h), F. S.?
SUMMARY:
The North Broward Hospital District falls within the purview of ss. 665.231 and 665.321, F. S., and pursuant to authorization granted by s. 665.321(1), F. S., may invest district funds in certificates of deposit of state and federal savings and loan associations without limitation as to the amount or amounts thereof and without conditions thereon so long as such associations deposit and pledge sufficient securities with the Department of Banking and Finance to secure and safeguard such investments of the district in the same manner as is required with respect to deposit of such funds in banks.
The North Broward Hospital District was created in 1951 by special act. Chapter 27438, 1951, Laws of Florida, amended by Chs.61-1931, 61-1937, 63-1192, 65-1316, 65-1319, 67-1170, 67-1171, 69-895, 69-898, 69-914, 71-578, 73-411, 73-412, 73-413, 74-449, 75-348, and 76-338, Laws of Florida. The governing body of the special district is known as the Board of Commissioners of the North Broward Hospital District and is vested with `all powers of a body corporate.' Section 4, Ch. 27438, supra. The district's enabling legislation as amended, however, is silent as to investment of district funds, neither specifically authorizing nor prohibiting investments in certificates of deposit of savings and loan associations. Our inquiry, then, is whether there is, nevertheless, statutory authorization for, and possible limitation upon, such investments by the district.
Initially, I note that s. 215.47, F. S., concerning investments in certain authorized securities is not applicable to the present situation. That section by its terms applies only to funds available for investment under ss. 215.44-215.53, F. S. These sections apply solely to investments by the State Board of Administration of state funds for state agencies and to no other entities. Investments by a special district are, therefore, not subject to s. 215.47. See AGO 069-45.
Section 665.321, F. S., states:
 . . . [M]unicipalities and other public corporations and bodies, and public officials hereby are specifically authorized and empowered to invest funds held by them without any order of any court, in savings accounts of savings associations which are under state supervision and in accounts of federal associations organized under the laws of the United States and under federal supervision, and such investments shall be deemed and held to be legal investments for such funds. However, the investment of public funds and the funds of municipalities and other public corporations and bodies and public officials shall be subject to the same requirements relating to the deposit and pledge of securities to secure such investments as may be provided from time to time by law or regulation with respect to the deposit of such funds in banks, except to the extent that said savings accounts may be insured by the United States or an agency or instrumentality thereof. (Emphasis supplied.)
The investment authorization contained in this quoted section is specifically declared to be supplemental to any and all other laws relating to and declaring what shall be legal investments for the bodies mentioned. Section 665.321(3).
Your inquiry specifically concerns investment in certificates of deposit. Section 665.021(19), F. S., defines `savings account' as used in s. 665.321(1), F. S., as `that part of the savings liability of the association which is credited to the account of the holder thereof. A savings account also may be referred to as a savings deposit.' This definition has been previously interpreted by me to include certificates of deposit. I, therefore, find that the term `savings accounts' as utilized in s. 665.321(1) includes certificates of deposit. See AGO's 071-36 and 075-57.
Section 665.231(1), F. S., relates to ownership of savings accounts and savings deposits. It provides that `savings accounts or savings deposits may be opened and held solely and absolutely in his own right by, or in trust or other fiduciary capacity for, any person . . . or political subdivision or public or governmental unit.'
We must now determine whether the North Broward Hospital District falls within the definition of `public corporations and bidies' which are specifically authorized by s. 665.321(1), supra, to invest funds in savings accounts, including certificates of deposit, of savings and loan associations. The term `public body' is defined by s. 1.01(9), F. S., to include, where the context will permit, `counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state.' (Emphasis supplied.) The context of ss. 665.321(1) and 665.231(1) permits application of this definition of `public body,' which includes `all other districts in this state,' to the hospital district. Therefore, for purposes of investing funds in certificates of deposit pursuant to s. 665.321(1), the hospital district is a `public corporation and body' as well as a `political subdivision or public or governmental unit' within the purview of and for purposes of s. 665.231(1) authorizing the holding of savings accounts or savings deposits by those units. See AGO's 075-57 and 074-169.
I further find that, under s. 665.321(1), F. S., authorizing the investments your letter contemplates, there are no restrictions or limitations as to amount of such investments or conditions thereon, AGO 071-36, except that the savings and loan association is required to deposit and pledge securities with the Department of Banking and Finance to secure such investments of the district in the same manner as is required by law or regulation relating to depositing such funds in banks. Attorney General Opinions 073-244, 074-214, and 075-57; and see s. 659.24, F. S.
Prepared by: Sharyn L. Smith Assistant Attorney General Frank A. Vickory Legal Research Assistant